1   Hunter H. Hoestenbach (CA Bar No. 249130)
2   **HOESTENBACH LAW**
3   501 W. Broadway Ste. A230
    San Diego, CA 92101-3536
4   Tel: 619.940.4868 / Fax: 619.546.9490
5   E-mail: Hunter@HoestenbachLaw.com

6   Attorney for Defendant
7   Legal Recovery Law Offices

8

9               UNITED STATES DISTRICT COURT

10      CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

11

12   In re:                         **ED  CV  13** Case No. -  **01077** *VAP*      SPx

13
     BEATRICE MURO,                  NOTICE OF REMOVAL OF CIVIL
14                                   ACTION UNDER 28 U.S.C. §§ 1441
15              Plaintiff,           & 1446

16        v.

17
     LEGAL RECOVERY LAW OFFICES,
18   INC.; and DOES 1-10, Inclusive,
                    THROUGH
19
20              Defendants.

21

22   TO THE CLERK OF THE COURT:

23        PLEASE TAKE NOTICE that defendant LEGAL RECOVERY LAW

24   OFFICES, INC. ("LRLO"), pursuant to 28 U.S.C. §§ 1441 and 1446, hereby

25   removes the below described state court action to the United States District Court

26   for the Central District of California, Eastern Division.  In support of this removal,

27   LRLO states:

**HHH**

1.     On May 7, 2013, an action was commenced in the Superior Court of California, County of Riverside, Civil Division under Case No. TEC1302073 and entitled *Beatrice Muro v. Legal Recovery Law Offices, Inc., et. al.*   A true and correct copy of the Summons, Complaint, Certificate of Service, and all other process, pleadings and orders served upon LRLO are attached hereto as Exhibit 1. 28 U.S.C. § 1446(a).

2.     On May 20, 2013, plaintiff Beatrice Muro served LRLO with a copy of the Summons and Complaint. *See* Exhibit 1.  Aside from the material in Exhibit 1, LRLO is not aware of any other process, pleadings or orders served upon LRLO in this action.

3.     LRLO files this Notice of Removal within one year of the date the action was originally filed and within thirty days of receipt of the Complaint. Removal is therefore timely. 28 U.S.C. § 1446(b)(1).

4.     This Court has original jurisdiction of this civil action under 28 U.S.C. § 1331 because arises under the laws of the United States; that is, plaintiff's claims for relief assert violations of federal law under 15 U.S.C. §§ 1692, et. seq.  Hence this federal question action may be removed to this Court by LRLO pursuant to the provisions of 28 U.S.C. § 1441(a).

5.     Supplemental jurisdiction of any state law claim is proper under 28 U.S.C. § 1367(a).

6.     Promptly after filing this Notice of Removal, LRLO will give written notice of the removal to all adverse parties and will file a copy of the notice with the Clerk of the Superior Court of California, County of Riverside, Civil Division. 28 U.S.C. § 1446(d).

7.     LRLO reserves the right to supplement this Notice of Removal when additional information becomes available.  LRLO further reserves all rights, including but not limited to, defenses and objections as to venue, personal

**HHH**

1  jurisdiction and service.  The filing of this Notice of Removal is subject to, and

2  without waiver of, any such defense or objection.

3

4  Date: June 17, 2013                    Respectfully submitted,

5

6                                         **HOESTENBACH LAW**

7

8                                         By: /s/ Hunter H. Hoestenbach

9                                             Hunter H. Hoestenbach (SBN: 249130)

10                                            501 W. Broadway Ste. A230

11                                            San Diego, CA 92101-3536
                                             Tel: 619.940.4868 / Fax: 619.546.9490

12                                            E-Mail: Hunter@HoestenbachLaw.com

13                                         ATTORNEY FOR LRLO

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**HHH**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
HHH

# EXHIBIT 1

*Muro v. LRLO*

Def.'s Notice of Removal (Exhibit 1)

**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Jonathan Doan, Esq<br>Brothers Law Group, LLP<br>635 Camino De Los Mares, Ste 200<br>San Clemente, CA 92673<br>   TELEPHONE NO.: 949-334-5613     FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Beatrice Muro | *FOR COURT USE ONLY*<br><br># FILED<br><br>**05/22/2013**<br><br>**C. Powell**<br><br>**Superior Court of California**<br>**County of Riverside** |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Riverside |
|---|
| STREET ADDRESS:  41002 County Center Drive #100 |
| MAILING ADDRESS: |
| CITY AND ZIP CODE:  Temecula, CA 92591 |
| BRANCH NAME:  Civil |

| | |
|---|---|
| PLAINTIFF/PETITIONER: Beatrice Muro | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Legal Recovery Law Office, Inc. | TEC1302073 |

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS**<br>~~BY FAX~~ | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   - a. ☑ summons
   - b. ☑ complaint
   - c. ☐ Alternative Dispute Resolution (ADR) package
   - d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   - e. ☐ cross-complaint
   - f. ☑ other *(specify documents)*: Exhibits

3. a. Party served *(specify name of party as shown on documents served)*:
   Legal Recovery Law Offices, Inc

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   Cynthia M., Paralegal of Legal Recovery Law Office.

4. Address where the party was served:
   5030 Camino De La Siesta, #340
5. I served the party *(check proper box)*
   - a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: 05-20-2013   (2) at *(time)*: 1:00 pm
   - b. ☐ **by substituted service.** On *(date)*:   at *(time)*:   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

     - (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
     - (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
     - (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
     - (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:   from *(city)*:   or ☐ a declaration of mailing is attached.
     - (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |

| PLAINTIFF/PETITIONER: Beatrice Muro | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Legal Recovery Law Office, Inc. | TEC1302073 |

5.  c. ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):*                                    (2) from *(city):*

   (3) ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.) *(Code Civ. Proc., § 415.30.)*
   (4) ☐  to an address outside California with return receipt requested. *(Code Civ. Proc., § 415.40.)*

   d. ☐  **by other means** *(specify means of service and authorizing code section):*

   ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☐  as an individual defendant.
   b. ☐  as the person sued under the fictitious name of *(specify):*
   c. ☐  as occupant.
   d. ☑  On behalf of *(specify):* Legal Recovery Law Office.
      under the following Code of Civil Procedure section:

   | | |
   |---|---|
   | ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
   | ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
   | ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
   | ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
   | ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
   | | ☐ other: |

7.  Person who served papers
   a.  Name: Michael Johns
   b.  Address: 3268 Governor Drive, 248, San Diego, CA 92123
   c.  Telephone number: 6196023382
   d.  The fee for service was: $ 75.00
   e.  I am:
      (1) ☐  not a registered California process server.
      (2) ☐  exempt from registration under Business and Professions Code section 22350(b).
      (3) ☑  a registered California process server:
         (i) ☐ owner ☐ employee ☑ independent contractor.
         (ii) Registration No.: 1875
         (iii) County: San Diego

8. ☑  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. ☐  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 05-20-2013

Michael Johns
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                    ▶           (SIGNATURE)

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
LEGAL RECOVERY LAW OFFICES, INC.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BEATRICE MURO

| |
|---|
| FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**FILED**<br><br>**05/07/2013**<br><br>**C. Powell**<br><br>**Superior Court of California<br>County of Riverside** |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER:<br>*(Número del Caso):* |
|---|---|
| *(El nombre y dirección de la corte es):* Riverside Superior Court<br>41002 County Center Dr #100, Temecula, CA 92591 | **TEC1302073** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jonathan Doan,Esq. Brother's Law Group, LLP 635 Cam de los Mares,#200 San Clemente CA 92673

| DATE: **05/07/13**<br>*(Fecha)* | Clerk, by _____C. Powell_____<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [✓] as an individual defendant.
2. [✓] as the person sued under the fictitious name of *(specify):*

3. [✓] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)         [ ] CCP 416.60 (minor)
            [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
            [✓] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
            [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

05-07-'13 09:30 FROM-Doan Law Firm                                          T-211  P0005/0033 F-251

**SUM-100**

| | |
|---|---|
| **SUMMONS**<br>*(CITACION JUDICIAL)*<br><br>**NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>LEGAL RECOVERY LAW OFFICES, INC.<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>BEATRICE MURO | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**FILED**<br>**05/07/2013**<br>C. Powell<br><br>**Superior Court of California**<br>**County of Riverside** |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Riverside Superior Court<br>41002 County Center Dr #100, Temecula, CA 92591 | CASE NUMBER:<br>*(Número del Caso):*<br>**TEC1302073** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jonathan Doan, Esq. Brother's Law Group, LLP 635 Cam de los Mares, #200 San Clemente CA 92673

| DATE:<br>*(Fecha)* 05/07/13 | Clerk, by<br>*(Secretario)* C. Powell | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served<br>1. [ ✓ ] as an individual defendant.<br>2. [ ✓ ] as the person sued under the fictitious name of *(specify):*<br><br>3. [ ✓ ] on behalf of *(specify):*<br>under: [ ] CCP 416.10 (corporation)  [ ] CCP 416.60 (minor)<br>      [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)<br>      [ ✓ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)<br>      [ ] other *(specify):*<br>4. [ ] by personal delivery on *(date):* |
|---|---|

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Page 1 of 1<br>Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

Jonathan Doan, Esq.
Brother's Law Group, LLP
635 Camino De Los Mares, Ste 200
San Clemente, CA 92673
Phone (949) 334-5613 • Fax (949) 334-5364

**FILED**

**05/07/2013**

**C. Powell**

**Superior Court of California
County of Riverside**

Attorney for PLAINTIFF, BEATRICE MURO.

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA
## COUNTY OF RIVERSIDE- DISTRICT CIVIL DIVISION

| | |
|---|---|
| In re:<br><br>BEATRICE MURO,<br><br>           Plaintiff,<br><br>vs.<br><br>LEGAL RECOVERY LAW OFFICES, INC.,<br>AND DOES 1 through 10, inclusive;<br><br><br><br>    Defendants. | Case No. **TEC1302073**<br><br>1) VIOLATION OF 15 U.S.C. §1692 b2);<br>2) VIOLATION OF 15 U.S.C. §1692 b(6);<br>3) VIOLATION OF 15 U.S.C. §1692 c(2);<br>4) VIOLATION OF 15 U.S.C. §1692 c(a)(3);<br>5) VIOLATION OF 15 U.S.C. §1692 c(e);<br>6) VIOLATION OF 15 U.S.C. §1692 d(2);<br>7) VIOLATION OF 15 U.S.C. §1692 e(7);<br>8) VIOLATION OF 15 U.S.C. § 1692 e(10);<br>9) VIOLATION OF 15 U.S.C. §1692 e(11);<br>10) VIOLATION OF 15 U.S.C. § 1692 e(14);<br>11) VIOLATION OF 15 U.S.C. §1692 g; |

**JURY TRIAL DEMANDED**

**AMOUNT IN CONTROVERSY: $ 23,950.00**

COMPLAINT 1

## I.     __INTRODUCTION__

1.   Plaintiff BEATRICE MURO (hereinafter "Plaintiff" or "MURO") brings this lawsuit against the DEFENDANTS, LEGAL RECOVERY LAW OFFICES, INC. and DOES 1-10 INCLUSIVE (hereinafter "LRLO" or "DEFENDANTS"). This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 USC § 1692, *et seq.* (hereinafter "FDCPA") pursuant to California Civil Code §§ 1788.17 and 1788.14 (c).

## II.     __FINDINGS AND PURPOSE__
## __OF CALIFORNIA CIVIL CODE §1788 et seq. , 15 U.S.C. §1692 FDCPA__

2.   The California Legislature made the following findings and purpose in creating Civil Code §1788., the Rosenthal Fair Debt Collection Practices Act (RFDCPA):

*(1). The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.*

*(2). There is a need to ensure that debt collectors and debtors exercise their responsibilities to one another with fairness, honesty, and due regard for the rights of others.*

*(3). It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.*

3.   On September 3, 1999, "urgency legislation" was passed adding Civil Code 1788 of the RFDCPA which incorporated therein nearly all of the provisions of the Federal Fair Debt

4.  Collection Practices Act ("FDCPA"), such as Civil Code §1788.14, to the extent inconsistent, and which was enacted in 1977.

5.  The United States Congress has made the following **findings** and declaration of **purpose** under the FDCPA:

> (a) *Abusive practices. There is abundant evidence of the abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.*
>
> (b) *Inadequacy of the law. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.*
>
> (c) *Purposes. It is the purpose of this title [15 U.S.C. §§1692 et. seq.] to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not completely disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.*

## III.   JURISDICTION

6.  Jurisdiction of this Court arises under California Civil Code Procedure section 410.10 *et. seq.*

## IV.   PARTIES

7.  At all times herein, Plaintiff was residing in the city of Temecula, County of Riverside, State of California, from whom Defendants sought to collect a consumer debt which was allegedly due and owing from Plaintiff, or alleged to be due and owing from Plaintiff. Plaintiff is a "debtor" as that term is defined by California Civil Code § 1788.2(h) *"...the*

COMPLAINT 3

*term "debtor" means a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person".*

8. Plaintiffs are informed and believe, based and thereon allege,  LRLO is in the business of collecting debts, therefore defined as a "debt collector" under 15 U.S.C. §1692 a(6) *"The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 808(6), such term also includes any person who uses instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests".*

9. All of the actions which constitute this complaint allegedly took place within one (1) year of the filing of this complaint.

10. The true names and capacities, whether individual, corporate, associate or other, of the defendants sued herein as Does 1 through 10, inclusive, are unknown to Plaintiff. When the true names and capacities of such defendants are ascertained, Plaintiff shall amend this complaint to allege the same. Plaintiff is informed and believe, and based thereon allege, that each such fictitiously named defendant herein is responsible for each of the acts and omissions alleged herein.

11. The Defendants, and each of them, were acting on their own behalf and as the agents, servants, partners, joint ventures, and employees of each other, and within the scope of their agency, authority and employment.

12. For purposes of this Complaint, unless otherwise indicated, "Defendants" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, representatives, and insures of Defendants and each of them herein.

13. The case involves money, property or their equivalent, due and owing or allege to be due and owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by California Civil Code § 1788.2(f). *"The terms "consumer debt" and "consumer credit" mean money, property or their equivalent, due and owing or alleged to be due and owing from a natural person by reason of a consumer credit transaction".*

## V.    FACTUAL ALLEGATIONS

14. Defendant filed a Civil Case against Plaintiff for "Palisades Collections", owner of a delinquent account due to Discover Bank, on January 26, 2011. The case number for the Civil Suit filed is TEC1100776, and was filed in the Superior Court of California, County of Riverside.

15. At all times Plaintiff was unaware of the Complaint filed in the Superior Court, County of Riverside and at no time was she served with a Summons and Complaint. Plaintiff resided at a residence from 2009 until current day, located at 33039 Harmony Lane, Temecula, CA, 92592.

16. A Default Judgment was entered on or about April 28, 2011 by Defendants, Legal Recovery Law Offices, on behalf of Palisades Collections.

17. Plaintiff MURO faced financially difficult and challenging times. Her home was foreclosed on, and she sought the help of bankruptcy attorneys. Plaintiff Muro retained The Doan Law Firm, LLP on or about October 25, 2011 and retained Doan Law Firm with the intention of filing a Chapter 7 bankruptcy case.

18. Doan Law Firm, LLP provided "Cease & Desist" letters to the Plaintiff to mitigate the amount of creditor contact by relying on the Fair Debt Collection Practices Act and California's Rosenthal Act.

19. A "Cease & Desist" letter was sent to Palisades Collections, Inc. at P.O. Box 1244, Englewood Cliffs, NJ, 07362 on or about March 21, 2012. The "Cease & Desist" letter was received, and signed for, on March 26, 2012. Attached herein as Exhibit "A."

20. Doan Law Firm received the signed certified mail receipt evidencing that the "Cease & Desist" letter Plaintiff MURO sent was received. The certified mail receipt is herein incorporated as Exhibit "B."

21. On Thursday, May 10, 2012, Dawn Ortega, Plaintiff MURO'S co-worker at Monte Del Oro Winery, received a telephone call. The caller asked to speak with Plaintiff MURO, and was told by co-worker Dawn Ortega that Plaintiff MURO was unavailable.

22. Plaintiff's co-worker asked who was calling and if there was a message. The caller stated that she was calling from the "**Legal Recovery Unit**" and left a phone number for Plaintiff MURO to call back. The phone number was 1 (609) 275-4001.

23. Dawn Ortega was shocked to hear that her co-worker, Plaintiff MURO was being contacted by a "**Legal Recovery Unit**" and immediately sought to find Plaintiff MURO to tell her about the call.

24. Plaintiff MURO returned the call immediately, and spoke with an agent from Defendant LRLO named "Patty" at approximately 11:15 a.m. The agent informed Plaintiff MURO that she was collecting on a debt held by Palisades Collection for Washing Mutual. Defendant "Patty" stated that she is "getting ready to sue you, and garnish your wages".

25. Plaintiff MURO then stated that she was filing a bankruptcy case with Doan Law Firm, LLP and that she should have received the "Cease & Desist" letter. "Patty" went on to state she was <u>aware</u> that Plaintiff MURO had retained an attorney and immediately became abusive when it was apparent Plaintiff Muro had no intention of making any immediate payment.

26. Defendant "Patty" began screaming and yelling to Plaintiff MURO "YOU NEED TO CALL YOUR ATTORNEY AND GET ME A CASE NUMBER. THAT IS WHAT YOU NEED TO DO!" over and over. "Patty" also stated to Plaintiff MURO that she needs "TO PAY YOUR DAMN DEBTS!!!" over and over.

27. During this outrageous and abusive conversation, Defendant "Patty" did not state that "*This was an attempt to collect a debt, and any information obtained will be used for that purpose*".

28. During the abusive conversation, Defendant "Patty" did not ask for the attorney's information or telephone number, nor did she immediately terminate the conversation after she could readily ascertain Plaintiff MURO was represented by Doan Law Firm, LLP.

29. The call by Plaintiff MURO to "The Legal Recovery Unit" caused significant stress and humiliation. It was obvious to Plaintiff's co-worker that Plaintiff MURO was contacted by a collection agency, as not only did they make no attempt to conceal the nature of the call, they also stated they were calling from the "Legal Recovery Unit", thus indicating that Plaintiff Muro was the subject, or party to, an investigation possibly seeking to gain possession of goods or property obtained illegally.

30. Plaintiff MURO suffered indignity, shame, embarrassment, anxiety, fear, anger, and other physical ailments for the abusive and reckless collection tactics alleged herein.

## VI.     ELEVEN (11) CAUSES OF ACTION

### FIRST CAUSE OF ACTION:

### <u>VIOLATION OF 15 U.S.C § 1692 b(2)</u>

31. Plaintiff realleges and incorporates by reference the above paragraphs as though set forth fully herein.

32. 15 U.S.C. § 1692 b(2) provides in pertinent part:

*Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall—*

*(2) not state that the consumer owes any debt.*

33. Defendants failed to comply with § 1692 b(2)in the call made to Dawn Ortega, co-worker of Plaintiff MURO. Using '*The Least Sophisticated Consumer Standard'( see <u>Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1172-75 (11th Cir.1985)</u>,* an individual easily assumes that the nature of the call from a company called "Legal Recovery Unit" would naturally be a collection agency, or "Unit" trying to recover goods, or monies for services rendered. An appropriate response to Dawn Ortega's inquiry as to who was calling for Plaintiff MURO would be "LRLO" or "LRL". Using the term "Legal Recovery Unit" Violates the FDCPA under § 1692 b(2).

34. Defendant's are subject to the remedies of  15 U.S.C. §§ 1692k-1692 k(a)(2), " *Except as otherwise provided by this section, and debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of-*

*(1) Any actual damage sustained by such person as a result of such failure;*

*(2) (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000"*

## SECOND CAUSE OF ACTION:
## <u>VIOLATION OF 15 U.S.C. § 1692 b(6)</u>

35. Plaintiff realleges and incorporates by reference the above paragraphs as though set forth fully herein.

36. *15 U.S.C. § 1692 b(6) provides in pertinent part:*

*"Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall—*

*(6) after the debt collector knows the consumer is represented by an attorney with regard to the subject debt and has knowledge of or can readily ascertain, such attorney's name and address, not communicate with any other person other than that attorney, unless the attorney fails to respond within a reasonable period of time to the communication from the debt collector."*

37. Defendants failed to comply with § 1692 b(6) by contacting Plaintiff MURO'S co-worker on May 10, 2012. The sole purpose was not for location information nor was it to verify employment, as Defendant "Patty" asked to speak specifically to Plaintiff MURO.

38. Defendants are subject to the remedies of 15 U.S.C. §§ 1692k-1692 k(a)(2).

### THIRD CAUSE OF ACTION:

### <u>VIOLATION OF 15 U.S.C. § 1692 c(2)</u>

39. Plaintiff realleges and incorporates by reference the above paragraphs as though set forth fully herein.

40. 15 U.S.C. § 1692c(2) provides in pertinent part:

*Communication in connection with debt collection*

*(a) COMMUNICATION WITH THE CONSUMER GENERALLY. Without the prior consent given directly to the debt collector or without the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—*

*(3) If the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a*

*communication from the debt collector or unless the attorney consents to direct*

*communication with the consumer;*

41. Defendants violated this code section by speaking directly with Plaintiff MURO despite their agent of employ, Palisades Collections, LLC having signed for a "Cease & Desist" letter on March 26, 2012 by Andrea Kelley.

42. The "Cease & Desist" letter has Doan Law Firm's address, phone number, facsimile number, and a website address clearly listed, as well as an email address that can be used to verify representation.

43. Defendants are subject to the remedies of 15 U.S.C. §§ 1692k-1692 k(a)(2).

## FOURTH CAUSE OF ACTION:

### VIOLATION OF 15 U.S.C. § 1692 c(a)(3)

44. Plaintiff realleges and incorporates by reference the above paragraphs as though set forth fully herein.

45. 15 U.S.C. § 1692 c(a)(3) provides in pertinent part:

*(a) COMMUNICATION WITH THE CONSUMER GENERALLY. Without the prior consent given directly to the debt collector or without the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—*

*(3) at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.*

46. Defendants violated this code section by calling and attempting to speak to the Plaintiff at her place of employment on May 10, 2012, after receiving a "Cease & Desist" letter that was sent to Palisades Collections.

47. The "Cease & Desist" letter states in part: "*Further, you are specifically prohibited from calling our clients at __any__ time, including but not limited to, any work number or during work hours, as they cannot receive calls at work.*"

48. Defendants are subject to the remedies of 15 U.S.C. §§ 1692k-1692 k(a)(2).

### FIFTH CAUSE OF ACTION:

### <u>VIOLATION OF 15 U.S.C. § 1692 c(c)</u>

49. Plaintiff realleges and incorporates by reference the above paragraphs as though set forth fully herein.

50. 15 U.S.C. § 1692 c(c) provides in pertinent part:

51. *(a) COMMUNICATION WITH THE CONSUMER GENERALLY. Without the prior consent given directly to the debt collector or without the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—*

*(c) if a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt"*

52. The Defendants violated this code section by contacting the Plaintiff after the "Cease & Desist" letter was received. The "Cease & Desist" letter states clearly, underlined and in bold font:       __I refuse to pay this debt.__

### <u>DO NOT COMMUNICATE WITH ME ANYMORE.</u>

53. Defendants are subject to the remedies of 15 U.S.C. §§ 1692k-1692 k(a)(2).

### SIXTH CAUSE OF ACTION

**VIOLATION OF 15 U.S.C. § 1692 d(2)**

54. Plaintiff realleges and incorporates by reference the above paragraphs as though set forth fully herein.

55. 15 U.S.C. § 1692 d provides in pertinent part:

"*d. A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*

*(2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer*"

56. Defendants violated § 1692 d(2) on May 10, 2012, by screaming over and over that the Plaintiff needs "TO PAY YOUR DAMN DEBTS!" in what would not be construed as anything other than abusive and oppressive.

57. Defendants are subject to the remedies of 15 U.S.C. §§ 1692k-1692 k(a)(2).

**SEVENTH CAUSE OF ACTION:**

**VIOLATION OF 15 U.S.C. § 1692 e(7)**

58. Plaintiff realleges and incorporates by reference the above paragraphs as though set forth fully herein.

59. 15 U.S.C. § 1692 e(7) provides in pertinent part:

*A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*

*(7) The false representation or implication that the consumer committed any crime or other*

*conduct in order to disgrace the consumer.*

60. Defendants violate this section by stating to Plaintiff's co-worker, Dawn Ortega, that Plaintiff MURO was being called from "The Legal Recovery Unit". The "Legal Recovery Unit" is actually nothing more than a collection agency. The implication made is that Plaintiff MURO engaged or was party to some type of criminal activity. By disclosing to a third-party that the Defendants were calling from "The Legal Recovery Unit" , instead of "LRL" or LRLO" as a responsible collector would, Defendant implies that the Plaintiff is involved in criminal activity, investigation, or worse. The natural consequence of this statement by collector is to disgrace the consumer, Plaintiff BEATRICE MURO.

61. Defendants are subject to the remedies of 15 U.S.C. §§ 1692k-1692 k(a)(2).


**EIGHTH CAUSE OF ACTION:**

**VIOLATION OF U.S.C. § 1692 e(10)**


62. Plaintiff realleges and incorporates by reference the above paragraphs as though set forth fully herein.

63. 15 U.S.C. § 1692 e(10) provides in pertinent part:

    *e. A debt collector may not use any false, deceptive, or misleading representation or means in*

    *connection with the collection of any debt. Without limiting the general application of the*

    *foregoing, the following conduct is a violation of this section:*

    *(10) The use of any false representation or deceptive means to collect or attempt to collect*

    *any debt or to obtain information concerning a consumer.*

64. Defendants repeatedly violated this code section in conjunction with the other sections outlined in this document by stating they are calling from "The Legal Recovery Unit".

65. **Defendants are subject to the remedies of 15 U.S.C. §§ 1692k-1692 k(a)(2).**

## NINTH CAUSE OF ACTION:

## VIOLATIONS OF 15 U.S.C. § 1692 e(11)

66. Plaintiff realleges and incorporates by reference the above paragraphs as though set forth fully herein.

67. 15 U.S.C. § 1692 e(11) provides in pertinent part:

   *e. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*

   *(11) The failure to disclose in the initial written communication with the consumer and , in addition , if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in a subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection to a legal pleading.*

68. Defendants violated this code section when speaking to Plaintiff MURO, and had ample opportunity to disclose to the Plaintiff that they were, in fact, debt collectors in the 4:10 call returned to the Defendants by Plaintiff MURO.

69. Defendants are subject to the remedies of 15 U.S.C. §§ 1692k-1692 k(a)(2).

## TENTH CAUSE OF ACTION:

## VIOLATION OF 15 U.S.C. § 1692 e(14)

70. Plaintiff realleges and incorporates by reference the above paragraphs as though set forth fully herein.

71. 15 U.S.C. § 1692 e(14) provides in pertinent part:

   *A debt collector may not use any false, deceptive, or misleading representation or means in*

   *connection with the collection of any debt. Without limiting the general application of the*

   *foregoing, the following conduct is a violation of this section:*

   *the use of any business, company, or organization name other than the true name of the debt*

   *collector's business, company, or organization.*

72. Defendants violated this section of the FDCPA by stating to both Plaintiff MURO, and

   PLAintiff's co-worker that the caller was with "The Legal Recovery Unit". The true name of

   the caller's business is and was at the time of the call, " Legal Recovery Law Offices, Inc.

73. The website for Legal Recovery Law Offices, Inc., www.lrlo.com, says "Welcome to Legal

   Recovery Law Offices, Inc.

74. The California Secretary of State has the listing for entity number C2291324 as "LEGAL

   RECOVERY LAW OFFICES, INC." for the business entity detail.

75. Defendants are subject to the remedies of 15 U.S.C. §§ 1692k-1692 k(a)(2).

## ELEVENTH CAUSE OF ACTION:

## <u>VIOLATION OF 15 U.S.C. § 1692 g</u>

76. Plaintiff realleges and incorporates by reference the above paragraphs as though set forth

   fully herein.

77. 15 U.S.C. § 1692 g provides in pertinent part:

   *(a) Within five days after the initial communication with a consumer in connection with the*

   *collection of any debt, a debt collector shall, unless the following information is*

   *contained in the initial communication or the consumer has paid the debt, send the*

   *consumer a written notice  containing --*

*(1) the amount of the debt;*

*(2) the name of the creditor to whom the debt is owed;*

*(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;*

*(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification     of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and*

*(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.*

*(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.*

78. Defendants violated every part of this code section, along with each pertaining subsection.

79. Plaintiff has lived at 33039 Harmony Lane, Temecula, CA 92840 for at least two years prior to the violations alleged in this complaint, and has not moved, requested mail be forwarded

COMPLAINT 16

to any other address, or has had mail delivery services suspended with the United States Postal Service.

80. At no time after Defendants learned of attorney representation by Doan Law Firm, LLP, was any notice sent to Doan Law Firm, LLP,  giving Plaintiff opportunity to dispute the validity of the debt, have an opportunity to request the Validation of the debt or any portion thereof, as required by federal law. To date, it has exceeded the five (5) day allowance to postmark and mail the required communication by no less than one (1) month, clearly violating § 1692 g of 15 U.S.C.

81. Defendants are subject to the remedies of 15 U.S.C. §§ 1692k-1692 k(a)(2).

## VII.    PRAYERS FOR RELIEF

WHEREFORE, Plaintiff having set forth her claims for relief against Defendants respectfully pray this Court grant relief in the amount of $23,950.00 monetary damages (**Statutory Penalties of $13,500.00 Actual Non-Economic Damages of at least $10,000.00, Attorney Fees and Costs of $2,950.00**.

Such relief is reasonably justified under the circumstances, and is more specifically broken down as follows:

A. **Actual  Economic  Damages** totaling $2,950.00  for  attorney  fees  for  bringing this complaint and representing her on this matter. § 1692 k(3) of 15 U.S.C. states:

*"In the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fee as determined by the court."*

B. **Actual Non-Economic Damages of AT LEAST $10,000.00** pursuant to California Civil Code § 1788.30(a) for  mental and emotional distress, anxiety, fear, worry, mortification, shock, depression, loss of appetite, loss of productivity in the workplace, embarrassment, and other injuries;

COMPLAINT 17

C. **Statutory Penalties of $1,000.00** against Defendants arising from Violations of 15 U.S.C. § 1692 b(2);

D. **Statutory Penalties of $1,000.00** against Defendants arising from Violations of Civil 15 U.S.C. § 1692 b(6);

E. **Statutory Penalties of $1,000.00** against Defendants arising from Violations of Civil 15 U.S.C. § 1692 c(2);

F. **Statutory Penalties of $1,000.00** against Defendants arising from Violations of Civil 15 U.S.C. § 1692 c(a)(3);

G. **Statutory Penalties of $1,000.00** against Defendants arising from Violations of Civil 15 U.S.C. § 1692 c(c);

H. **Statutory Penalties of $1,000.00** against Defendants arising from Violations of Civil Code § 1788.17 (under 15 U.S.C. § 1692 d(2);

I. **Statutory Penalties of at least $1,000.00** against Defendants arising from Violations of Civil Code § 1788.17 (under 15 U.S.C. § 1692 e(7);

J. **Statutory Penalties of at least $1,000.00** against Defendants arising from Violations of 15 U.S.C. § 1692 e(10);

K. **Statutory Penalties of at least $1,000.00** against Defendants arising from Violations of 15 U.S.C. § 1692 e(11);

L. **Statutory Penalties of at least $1,000.00** against Defendants arising from Violations of 15 U.S.C. § 1692 e(14);

M. **Statutory Penalties of at least $1,000.00** against Defendants arising from Violations of 15 U.S.C. § 1692 (g);

N. **Declaratory Relief** against Defendants, declaring their practices of communicating with and harassing Plaintiff were in violation of California Civil Code §§ 1788.14 and 1788.17; and 15 U.S.C. 1692.

O. Such other and further relief as the Court may deem just and proper.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**DOAN LAW, LLP**

By: /s/

Dated: May 6, 2013

Jonathan Doan, Esq.
Attorney for Plaintiff
Beatrice Muro

COMPLAINT 19

EXHIBIT A



CALIFORNIA'S LARGEST
# DOAN LAW FIRM LLP
FAMILY OF ATTORNEYS

GREGORY J. DOAN | MICHAEL G. DOAN | JAMES F. DOAN | SHAWN A. DOAN | STEPHEN N. DOAN | JONATHAN N. DOAN

January 30, 2012

Palisad Coll
Attention: Bankruptcy Department
Po Box 1244
Englewood Cliffs, NJ 07632

Re:     Debtor(s):        Beatrice Muro
        Account No.:      xxxxxxxxxxxxxx7183 and any other accounts related to the Debtor(s)
        Soc Sec No.:      xxx-xx-8638
        Amount:          2,402.00

To Whom it May Concern:

Please note the above referenced debtor(s) have retained Doan Law Firm to end Creditor Communications and to discharge your claim(s) with Title 11 relief.  Accordingly, whether you are a *collection agent or the original creditor*, California Civil Code Section 1788.17 via **15 U.S.C. 1692** requires you to **cease and desist** any and all future communications on **any and all accounts** associated with the above referenced debtor(s).  Further, you are specifically prohibited from calling our clients at *any time*, including but not limited to, any work number or during work hours, as **they cannot receive calls at work.**

Also, in accordance with **47 U.S.C 227**, the debtor(s) hereby revoke any prior consent they have given for communication to any cellular phone and any and **all communication in general**.

Please feel free to contact our office after 45 days from the date of this letter to obtain periodic status and representation updates.  Email us at verification@doanlawfirm.com.  We will return your email within a reasonable amount of time with relevant information.

Since you have now been officially noticed as required by law, any future communications directly with our client(s), without our express written consent, **may result in a lawsuit** being filed against you for knowing and willful creditor abuse violations and subject you to actual damages, statutory penalties, attorney fees, and costs.  You will soon receive a Federal Notice from the United States Bankruptcy Court governing your claim.

Sincerely,

Jay K. Chien, Esq.        *DEBTOR CEASE AND DESIST NOTICE PER CC 1788.17*

<u>**I refuse to pay this debt.**</u>

<u>**DO NOT COMMUNICATE WITH ME DIRECTLY ANYMORE.**</u>

_____        _____
Beatrice Muro

I

EXHIBIT B





UNITED STATES POSTAL SERVICE

• Sender: Please print your name, address, and ZIP+4 in this box •

Beatrice Muro
c/o Doan Law Firm
6355 Camino de los Mares Ste 100
San Clemente, CA 92673

# PROOF OF SERVICE

I, Hunter Hoestenbach, am an attorney licensed in the State of California. My business address is 501 W. Broadway Ste. A230, San Diego, CA 92101. I am over 18 years of age, not a party to the within action, and I am exempt from registration under Cal. Bus. & Prof. Code § 22350(b).

I certify that, on June 17, 2013, defendant Legal Recovery Law Offices, Inc.'s Notice of Removal Under 28 U.S.C. §§ 1441 and 1446 (Re: *Muro v. LRLO*, Case# TEC1302073, Riverside County Super. Ct.) was served on all parties or their counsel of record named below by serving a true and correct copy in the manner indicated.

Jonathan Doan, Esq.
Brother's Law Group, LLP
635 Camino De Los Mares Ste. 200
San Clemente, CA 92673
949.334.5613 / fax 949.334.5364
Attorneys for Plaintiff Beatrice Muro

 x  FRCP 5(b)(1) & (b)(2)(C): I caused each envelope, with postage thereon fully prepaid, to be placed in the United States mail at San Diego, CA. I am readily familiar with the practice of Hoestenbach Law for collecting and processing correspondence for mailing, said practice being that, in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

Executed on June 17, 2013 in San Diego, CA.

. I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

Date: June 17, 2013                    /s/ Hunter H. Hoestenbach
                                       Hunter H. Hoestenbach

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| BEATRICE MURO | LEGAL RECOVERY LAW OFFICES, INC. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) |
|---|---|
| Jonathan Doan, Esq. / Brother's Law Group, LLP 635 Camino De Los Mares #200 San Clemente, CA 92673 / (949) 334-5613 | Hunter Hoestenbach, Esq. 530 W. Broadway Ste. A230, San Diego, CA 92101 (619) 940-4868 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding

☒ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No ☒ **MONEY DEMANDED IN COMPLAINT:** $ 23,950.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

15 U.S.C. sec. 1692, et. seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY: Case Number: **ED CV 13 - 01077** VAP SPx

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

| CV-71 (02/13) | CIVIL COVER SHEET | Page 1 of 2 |
|---|---|---|

JUN 17 2013

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Diego | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

***Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note:** In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____   DATE: June 17, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is Sheri Pym.

The case number on all documents filed with the Court should read as follows:

## EDCV13- 1077 VAP (SPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[  ] **Western Division**
    **312 N. Spring St., Rm. G-8**
    **Los Angeles, CA 90012**

[  ] **Southern Division**
    **411 West Fourth St., Rm. 1-053**
    **Santa Ana, CA 92701-4516**

 **Eastern Division**
    **3470 Twelfth St., Rm. 134**
    **Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

FILED

2013 JUN 17  PM 2: 09

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

BY:

| | CASE NUMBER |
|---|---|
| BEATRICE MURO  PLAINTIFF(S) | **EDCV13- 1077 VAP (SPx)** |
| V.  LEGAL RECOVERY LAW OFFICES, INC.  DEFENDANT(S) | **NOTICE TO PARTIES OF COURT-DIRECTED ADR PROGRAM** |

## NOTICE TO PARTIES:

It is the policy of this Court to encourage settlement of civil litigation when such is in the best interest of the parties. The Court favors any reasonable means, including alternative dispute resolution (ADR), to accomplish this goal. See Civil L.R. 16-15. Unless exempted by the trial judge, parties in all civil cases must participate in an ADR process before trial. See Civil L.R. 16-15.1.

The district judge to whom the above-referenced case has been assigned is participating in an ADR Program that presumptively directs this case to either the Court Mediation Panel or to private mediation. See General Order No. 11-10, §5. For more information about the Mediation Panel, visit the Court website, www.cacd.uscourts.gov, under "ADR."

Pursuant to Civil L.R. 26-1(c), counsel are directed to furnish and discuss with their clients the attached ADR Notice To Parties before the conference of the parties mandated by Fed.R.Civ.P. 26(f). Based upon the consultation with their clients and discussion with opposing counsel, counsel must indicate the following in their Joint 26(f) Report: 1) whether the case is best suited for mediation with a neutral from the Court Mediation Panel or private mediation; and 2) when the mediation should occur. See Civil L.R. 26-1(c).

At the initial scheduling conference, counsel should be fully prepared to discuss their preference for referral to the Court Mediation Panel or to private mediation and when the mediation should occur. The Court will enter an Order/Referral to ADR at or around the time of the scheduling conference.

**TERRY NAFISI**

Clerk, U.S. District Court

Dated: Monday, June 17, 2013

By: _____

Deputy Clerk

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE TO PARTIES: COURT POLICY ON SETTLEMENT
### AND USE OF ALTERNATIVE DISPUTE RESOLUTION (ADR)
### Counsel are required to furnish and discuss this Notice with their clients.

Despite the efforts of the courts to achieve a fair, timely and just outcome in all cases, litigation has become an often lengthy and expensive process. For this reason, it is this Court's policy to encourage parties to attempt to settle their disputes, whenever possible, through alternative dispute resolution (ADR).

ADR can reduce both the time it takes to resolve a case and the costs of litigation, which can be substantial. ADR options include mediation, arbitration (binding or non-binding), neutral evaluation (NE), conciliation, mini-trial and fact-finding. ADR can be either Court-directed or privately conducted.

The Court's ADR Program offers mediation through a panel of qualified and impartial attorneys who will encourage the fair, speedy and economic resolution of civil actions. Panel Mediators each have at least ten years legal experience and are appointed by the Court. They volunteer their preparation time and the first three hours of a mediationsession. This is a cost-effective way for parties to explore potential avenues of resolution.

This Court requires that counsel discuss with their clients the ADR options available and instructs them to come prepared to discuss the parties' choice of ADR option (settlement conference before a magistrate judge; Court Mediation Panel; private mediation) at the initial scheduling conference. Counsel are also required to indicate the client's choice of ADR option in advance of that conference. See Civil L.R. 26-1(c) and Fed.R.Civ.P. 26(f).

Clients and their counsel should carefully consider the anticipated expense of litigation, the uncertainties as to outcome, the time it will take to get to trial, the time an appeal will take if a decision is appealed, the burdens on a client's time, and the costs and expenses of litigation in relation to the amounts or stakes involved.

Of the more than 9,000 civil cases filed in the District annually, less than 2 percent actually go to trial. The remaining cases are, for the most part: settled between the parties; voluntarily dismissed; resolved through Court-directed or other forms of ADR; or dismissed by the Court as lacking in merit or for other reasons provided by law.

For more information about the Court's ADR Program, the Mediation Panel, and the profiles of mediators, visit the Court website, www.cacd.uscourts.gov, under "ADR."